IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-506-BO

| | |
|---|---|
| WILLIE JERMILLE DODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 9, 12]. A hearing was held on these matters before the undersigned on October 21, 2022, at Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff filed his application October 6, 2020, alleging disability beginning August 31, 2019. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements through December 31, 2024, and that he had not engaged in substantial gainful activity since his alleged onset date at step one, the ALJ found at step two that plaintiff had severe impairments – mild osteoarthritis of the bilateral knees, migraine headaches, anxiety disorder, depressive disorder, and posttraumatic stress disorder – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ found that plaintiff could perform medium work with a number of exertional and nonexertional limitations. The ALJ found at step four that plaintiff could not perform his past relevant work as a corrections officer, security guard, or police officer. The ALJ found at step five, however, that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, specifically hand packager and laundry laborer. Accordingly, the ALJ found plaintiff not to be disabled as of the date of his decision.

3

Plaintiff argues that the ALJ erred by assigning plaintiff an RFC that was not supported by substantial evidence and then relying on the erroneous RFC to find plaintiff could perform other work in the national economy. Specifically, plaintiff contends that the ALJ failed to account for all of plaintiff's nonexertional, mental health-based limitations in the RFC.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). Here, the ALJ examined plaintiff's mental health symptoms in finding his anxiety, posttraumatic stress disorder, and depressive disorder to be severe impairments and determining that they did not, alone or in combination, meet or equal a listing. Based upon the record, the ALJ assigned moderate limitations to plaintiff's ability to interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself. The ALJ went on to address how these moderate limitations impacted plaintiff's RFC. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).

The ALJ further considered the opinion evidence and provided a thorough explanation of the persuasiveness assigned to those opinions. The ALJ further cited to the record evidence on which he relied in determining in some instances that the limitations assigned by some of plaintiff's treating sources were greater than those supported by the record as a whole. For example, while Megan Foley, D.N.P. opined that plaintiff continued to exhibit symptoms which impaired his day-to-day functioning including taking a shower, her treatment notes from just prior to her opinion statement indicated that plaintiff reported no difficulties with dressing, bathing, or hygiene. Ms. Foley further opined regarding plaintiff's difficulties with concentration, but during that time plaintiff was engaged in a Master of Business Administration program and reported he was able to complete his coursework.

4

In sum, substantial evidence supports the ALJ's opinion and the correct law was applied. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 9] is DENIED and defendant's motion for judgment on the pleadings [DE 12] is GRANTED.

SO ORDERED, this __10__ day of November 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE